**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CITY OF ALBUQUERQUE,

Plaintiff,

v.

BYD MOTORS, INC.,

Defendant.

Case No. 1:19-CV-12

Action Filed: December 7, 2018
Action Served: December 10, 2018

**DEFENDANT BYD MOTORS LLC'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant BYD Motors LLC ("BYD")[1] hereby files this Notice of Removal of the state civil action filed in the Second Judicial District Court in the County of Bernalillo, New Mexico, as described below. The grounds for removal are as follows:

## I. BACKGROUND AND TIMELINESS OF REMOVAL.

1. Plaintiff City of Albuquerque ("Plaintiff" or "the City"), with the filing of its Complaint, commenced this action in the Second Judicial District in the County of Bernalillo, New Mexico on December 7, 2018, in *City of Albuquerque v. BYD Motors, Inc.*, Case No. D-202-CV-201808955 (the "State Court Action").

2. On or after December 10, 2018, BYD's process agent was served with copies of the Summons and Complaint in the State Court Action by mail.

3. Removal is therefore timely under 28 U.S.C. § 1446(b) because this Notice is filed within 30 days after first service on BYD and within one year of commencement of the action.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION

4. This action is removable pursuant to 28 U.S.C. § 1441 because this is an action over which this Court has original jurisdiction.

5. This Court possesses original jurisdiction over this action under 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

---

[1] The Complaint incorrectly alleges that BYD is "BYD Motors, Inc." BYD is in fact "BYD Motors LLC," a Delaware limited liability company.

**A. The Parties Are Completely Diverse**

6. For purposes of removal based on diversity, a political subdivision of a state—such as a city or county—is a citizen of the state. *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973); *N.M. Educ. Ret. Bd. v. Renaissance Private Equity Partners, L.P.*, 2012 WL 13080789, at *1 (D.N.M. Mar. 26, 2012) ("If a party is a political subdivision of a state, such as a county or city, it is considered a 'citizen' of a state and diversity jurisdiction may arise.").

7. The City alleges that it "is an incorporated municipality within the County of Bernalillo, New Mexico." Compl. ¶ 1. Accordingly, as a political subdivision of New Mexico, the City is a citizen of New Mexico.

8. For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9. The Complaint alleges that BYD is a Wyoming corporation with its principal place of business in California. Compl. ¶ 2. Accordingly, pursuant to the Complaint, BYD is a citizen of Wyoming and California.

10. Based on the allegations of the Complaint, complete diversity exists because the City and BYD are not citizens of the same state.

11. The same result would follow even if the City had properly identified BYD as a limited liability company. The citizenship of a limited liability company depends on the citizenship of each of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). The sole member of BYD is BYD US Holding Inc., which is incorporated in Delaware and has its principal place of business in California. Because BYD's sole member is a corporation that is a citizen of Delaware and California, BYD also is a citizen of Delaware and California.

12. Because the City and BYD are not citizens of the same state, and there are no other parties in this action, complete diversity exists.

**B. The Amount in Controversy Exceeds $75,000**

13. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages. *See Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217-18 (10th Cir. 2003).

14. The Complaint alleges that the City and BYD entered a contract under which the City agreed to pay $22,921,136.56 for BYD's delivery of eighteen sixty-foot, five-door buses to the City. Compl. ¶ 9. The City claims that BYD made several representations and warranties about the buses that proved to be false. *Id.* ¶¶ 10-32. The City asserts that it rejected or revoked acceptance of all the buses that BYD delivered, given various purported incurable defects, and claims that it suffered "substantial damages" because of BYD's conduct. *Id.* ¶¶ 33-34, 95.

15. The City alleges that it "covered" under the contract by purchasing ten substitute buses at a price of $9,063,142.51, but asserts that it is "not able to acquire the additional eight buses." *Id.* ¶¶ 37-38. Assuming the City could purchase each of the eight additional buses at the same price it paid for each of the ten substitute buses, the City would have to spend over $7.2 million for the eight buses.[2]

[2] If the City paid $9,063,142.51 for the ten substitute buses, then each of those buses cost about $906,314. Eight additional buses at that price would cost $7,250,512.

16. The City prays for incidental and consequential damages, treble damages for BYD's purported willful engagement in deceptive practices in violation of the New Mexico Unfair Practices Act, punitive damages, prejudgment interest, attorney fees, court costs, and other fair and just relief. Compl. at 10.

17. Given that consequential damages appear to be at least $7.2 million on the face of the Complaint, the amount in controversy vastly exceeds $75,000, especially when taking into consideration incidental, treble, and punitive damages.

18. Because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has original diversity jurisdiction over the underlying action.

## III. THE OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

19. *Venue*. Under 28 U.S.C. § 1441(a), this Court is the appropriate court in which to file this Notice of Removal because the District of New Mexico is the federal judicial district embracing the County of Bernalillo, the county in which the State Court Action was filed.

20. *Joinder*. Because there are no other named defendants, no consent to removal is necessary.

21. *Copy of All Process, Pleadings, And Orders*. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon BYD in the State Court Action are attached as follows:

a. The Complaint is attached as **Exhibit A**.

b. The "Return of Service"—including the Summons and proof of service of the Summons and Complaint—is attached as **Exhibit B**.

22. *Notice*. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served upon Plaintiff and a copy is being filed with the Clerk of Court for the Second Judicial District in the County of Bernalillo, New Mexico.

## IV. CONCLUSION

23. For the reasons stated above, this action is within this Court's original jurisdiction and meets all requirements for removal, such that removal is proper under 28 U.S.C. §§ 1332, 1441(b), and 1446. Accordingly, BYD respectfully removes this action from the Second Judicial District in the County of Bernalillo, New Mexico.

24. BYD files this Notice in accordance with Rule 11 of the Federal Rules of Civil Procedure.

Dated: January 8, 2019

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By * /s/Ross L. Crown*

Ross L. Crown
201 Third Street NW, Suite 1950
Albuquerque, New Mexico 87102
Phone: 505-764-5400
Fax: 505-764-5467
rcrown@lrrc.com

Steven J. Olson (Pro Hac Vice Forthcoming)
solson@omm.com
Dawn Sestito (Pro Hac Vice Forthcoming)
dsestito@omm.com
Matthew Cowan (Pro Hac Vice Forthcoming)
mcowan@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-7699
Fax: (213) 430-6407

*Attorneys for Defendant BYD Motors LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

I hereby further certify that on January 8, 2019, I served the attached document by e-mail to:

Robert J. Desiderio
Sanchez, Mowrer & Desiderio, P.C.
Attorneys Plaintiff City of Albuquerque
P.O. Box 1966
Albuquerque, NM 87102
Telephone: (505) 247-4321
Facsimile: (505) 247-4441
Email: rdesiderio@smdlegal.com

Esteban A. Aguilar, Jr.
Albuquerque City Attorney
P.O. Box 2248
Albuquerque, NM 87103
Telephone: (505) 768-4500
Facsimile: (505) 768-4525
Email: eaj@cabq.gov

*/s/ Ross L. Crown*
Ross L. Crown